### DOCK GRAVES *v.* COMMONWEALTH.

**Arrest of Judgment.**

The only ground upon which a motion in arrest of judgment can be sustained is that the facts stated in the indictment do not constitute a public offense within the jurisdiction of the court.

**Rape.**

In a rape case the age of the female determines the punishment, and if she be under twelve years of age, neither force nor the want of consent is an essential element of the offense, but when force and want of consent are both proved, a case of rape is made out, whatever may be the age of the female.

APPEAL FROM CUMBERLAND CIRCUIT COURT.

December 16, 1876.

Opinion by Judge Lindsay:

There is no bill of exceptions in this record. The sole question presented to this court is whether or not the court below erred in overruling the motion in arrest of judgment. The only ground upon which a judgment shall be arrested, is that the facts stated in the indictment do not constitute a public offense within the jurisdiction of the court.

It is charged in the indictment in this case that the appellant unlawfully, forcibly, and against her consent, carnally knew Mary Graves, a woman. The act charged constitutes the crime of rape. It matters not whether the person described as a woman was under twelve years of age or not. The unlawful and carnal knowledge of a female of any age is rape, both at the common law and by our statutes. The age of the female may and does determine the extent of the punishment, and if she be under twelve years of age, neither force nor the want of consent is an essential element of the offense, but when force and want of consent are both proved, a case of rape is made out, whatever may be the age of the female.

Sections 3, 5 and 6, Art. 4, Chapter On Crimes and Punishments, General Statutes.

Judgment *affirmed.*

*John D. Craddack, for appellant.    Moss, for appellee.*